[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The Day Publishing Company claiming that it has a right to have access to arrest warrants and other documents now under seal in the above-entitled matter has moved to vacate the orders sealing such documents.
Although the Day Publishing Company's motion to intervene in the criminal cases was denied. The Day does have standing to proceed in this matter under the provisions of Connecticut Practice Book Section 595A.
A hearing was held on the motion this date with the moving party being represented by counsel. The state also participated as did defendants Clein and Despres. Fremut did CT Page 4034-RR not appear and it must be found that he has waived any right which he might have to oppose the motion.
Defendant Despres has filed an objection to the granting of the motion and argued against it. Defendant Clein took a more neutral position not waiving any rights in the matter. The State's position was that it could not oppose The motions since the purpose of sealing the documents had been accomplished.
The documents under seal are the arrest warrants in all three cases together with search warrants. The affidavits for all cases have been reviewed by the court this date.
The Day Publishing Company enjoys a qualified First Amendment right of access to the sealed documents. Press-EnterpriseCompany v. Superior Court, 478 U.S. 1,106 S.Ct. 2735, 92 L.Ed. 211 (1986).
After review of all of the documents and taking into consideration the arguments and briefs and using the standards enumerated in Press-Enterprises Company, supra; State v.Franzese, 23 Conn. App. 433 (1990); defendant Despres has failed to show that there is a substantial likelihood that irreparable damage to a fair trial will result from granting access to the sealed documents. Nor has he shown that alternatives to closure will not adequately protect him and the other defendant's right to a fair trial, or that release of the documents will be effective in protecting against the perceived harm.
Particularly in view of the extensive publicity which has and presumably will in the future attach to these cases the release of the additional information to the sealed documents will not diminish any defendant's right to a fair trial or create a risk of serious injury to any third party.
Accordingly, the order sealing the all documents in the above-entitled cases is vacated.
Under the provisions of Connecticut Practice Book Section 895 the execution of this order is stayed for seventy-two hours.
The request of the State for an additional forty-eight CT Page 4034-SS hours is denied.
Purtill, J.